THE STATE v. CORDRAY, Appellant.

Division Two, December 4, 1906.

1. **FORGERY: Legal Efficacy of Forged Instrument.** It is essential to an indictable forgery that the alleged forged instrument possess some apparent legal efficacy.

2. ———: ———: **Indictment.** An indictment for forgery describes the alleged forged instrument, first, as a "lease," but does not express the length of time it is to run, and expresses no consideration therefor; second, as a "chattel mortgage," but shows that it conveys no personal property, and names no debt upon failure to pay which it may be foreclosed; third, as an "assignment," but does not state what goods are assigned

nor where they are located. *Held*, that the instrument alleged to have been forged would, if genuine, possess no legal efficacy, and, therefore, the indictment charges no offense.

Appeal from Buchanan Criminal Court.—*Hon. B. J. Casteel*, Judge.

REVERSED.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for the State.

The indictment is sufficient in form and substance, and follows the language of the statute. R. S. 1899, sec. 2009; State v. Gullette, 121 Mo. 447; Kelley's Crim. Law, sec. 780.

GANTT, J.—On June 23, 1905, the grand jury of Buchanan county returned an indictment against the defendant, charging him with forgery in the third degree, to-wit, the unlawfully making and forging a certain lease and chattel mortgage and assignment, purporting to be an act of one J. Herety, to the Union Mercantile Company, with intent to defraud, etc.

The defendant was arrested and duly arraigned and entered his plea of not guilty, and was tried and convicted at the September term, 1905, of the criminal court of Buchanan county. In due time he filed his motion for a new trial, which was taken up, heard and overruled, and thereupon he filed a motion in arrest of judgment, which was also overruled, and the defendant sentenced to the penitentiary for a term of two years in accordance with the verdict of the jury. Leave was given the defendant to file a bill of exceptions during the next term of the criminal court of said county, but he did not avail himself of that privilege, and hence this appeal presents nothing for review by this court except the record proper. The defendant is not represented in this court by counsel, but in obedience to the statute we have examined the record proper.

There is perhaps no proposition in criminal law

upon which there is more unanimity of opinion among text-writers and the courts of last resort than that pertaining to the essentials of what is necessary to constitute an indictable forgery, and that one of these essentials is that the alleged forged instrument shall possess some apparent legal efficacy.   Thus, Mr. Bishop in his Criminal Law (7 Ed.), vol. 2, sec. 533, says: "To constitute an indictable forgery, it is not alone sufficient that there be a writing, and that the writing be false; it must also be such as, if true, would be of some legal efficacy, real or apparent, since otherwise it has no legal tendency to defraud."

Blackstone defines forgery to be "the fraudulent making or alteration of a writing to the prejudice of another man's right."

In 13 Am. and Eng. Ency. Law (2 Ed.), 1082, it is said: "Forgery is the false making, or alteration with fraudulent intent, of any writing, by which the party committing the act may wrongfully obtain something of value to the prejudice of another's rights because of the apparent legal efficacy of the writing and its capacity to deceive."   This court, in State v. Warren, 109 Mo. 430, ruled that the intent to defraud is an essential element of the crime, and must be averred and proved.   Both at common law and in the highest courts of the several States of the Union, it has uniformly been held that in order to be the subject of forgery, the instrument upon its face must, if it were genuine, be of some apparent legal efficacy for injury to another, and if on its face it is utterly valueless and of no binding force or effect for any purpose of harm, liability or injury to anyone, it cannot be the subject of forgery. [Colson v. Com., 110 Ky. 233; King v. State, 43 Fla. l. c. 218, 219; 19 Cyc. Law and Proc., 1379, and cases cited in note 94.] In People v. Tomlinson, 35 Cal. 503, it was said by the court:   "The purpose of the statute against forgeries is to protect society against fabrication, falsification, and the uttering, publishing, and

passing of forged instruments, which, if genuine, would establish or defeat some claim, impose some duty, or create some liability, or work some prejudice in law to another in his rights of person or property. Hence, without much conflict, if any, it has been held from the outset that the indictment must show that the instrument in question can be made available in law to work the intended fraud or injury. If such appears to be the case upon the face of the instrument, it will be sufficient to set it out in the indictment; but if not, the extrinsic facts, in view of which it is claimed that the instrument is available for the fraudulent purpose alleged in the indictment, must be averred. If the indictment merely sets out an instrument which is a nullity upon its face without any averment showing how it can be made to act injuriously or fraudulently, by reason of matter *aliunde,* no case is made. This rule is so well settled by the precedents, that we do not feel called upon to discuss it upon principle.'' And to the same effect is Burden v. State, 120 Ala. 388; Howell v. State, 37 Tex. 591. Tested by the foregoing statements of the law, would the instrument set forth in full in the indictment in this case have any legal efficacy if it had been genuine? It is described in the indictment, first, as a ''lease,'' but when we look at its terms, no length of time is fixed for the lease to run and no consideration therefor is expressed; on the contrary, it recites that it is for ''— — — months,'' and then, when the alleged consideration is reached, it provides, ''On leaving the order for said goods, —— dollars, on the delivery of the same —— dollars, and every week thereafter the sum of —— dollars.'' Again, it is purported to be for the rent of household goods and jewelry, but what household goods and jewelry is nowhere mentioned, set forth or included in the covenants and agreements contained in the said instrument. As a lease it is utterly without any legal efficacy. It is also charged to have been a ''chattel mortgage,'' but a reading of

the document alleged to have been forged will demonstate that it conveys no personal property, and names no debt upon the failure to pay which the same may be foreclosed by the mortgagee.    The instrument is utterly silent as to the amount of any mortgage debt. It is also denominated in the indictment as an "assignment," but the so-called goods and chattel which were assigned are referred to as household furniture, wearing apparel, carpets, pictures, pianos, and chattels now in and about the residence of the undersigned, at number ———, and there are no allegations in aid of the instrument showing or tending to show in what house or in what place or what household furniture or wearing apparel were in said house.    The instrument does further purport to sell and assign all the salary and wages of some person that are due and to become due from some unnamed person.

Without further elaborating the defects and insufficiency of this instrument, it is sufficient to say that if it had been genuine, it would have had no legal efficacy whatever, and would have bound no person to have paid any rent in any definite sum or at any definite time whatever, and, as a chattel mortgage, would have amounted to no more than a blank piece of paper. As the indictment sets forth the alleged instrument in its very words without any averment showing in the most remote manner how it could have been made to act injuriously or fraudulently by reason of matter *aliunde,* it must be held that it charges no offense against the laws of this State, because the instrument alleged to have been forged was and is of no legal validity, and as this appears upon the face of the record proper, it must be held that the indictment is insufficient to support the judgment and sentence of the court and the verdict of the jury, and the judgment is therefore reversed and the prisoner discharged.

*Burgess, P. J.,* and *Fox, J.,* concur.