14654

## STATE v. SINGLETARY

(196 S. E., 527)

*Mr. C. S. Singletary, pro se,* ▮

*Messrs. Rufus Fant, Solicitor,* and *T. Frank Watkins,* for the State, ▮

April 4, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

At the September term, 1937, of the Court of General Sessions for Anderson County, appellant was tried before Hon. J. Henry Johnson, presiding Judge, and a jury, upon an indictment which originally contained three counts; the first two being as follows:

"That C. S. Singletary late of the County and State aforesaid on the 17th day of September in the year of our Lord one thousand nine hundred and 36 with force and arms, at Anderson in the County and State aforesaid, did falsely make, forge and counterfeit, cause and procure to be falsely made, forged and counterfeited, willingly act and assist in the false making, forging and counterfeiting a certain writing, and instrument of writing, to wit, a bank draft with certification endorsed thereon of the tenor, as follows, that is to say: '$200.00 San Francisco Calif. Sept. 11th 1936 On demand Pay to the Order of C. S. Singletary Two Hundred and no/100 Dollars Value received and charge the same to the account of S. L. Read and Company. To Crocker National Bank and Trust No. San Francisco California Geo. D. Bailey' And endorsed upon the face of said draft as follows: 'Certified $200/00 No 1246 Date 9/12/36 Crocker Natl. Bank San Francisco Calif. D. V. James, Teller' with intent to defraud W. S. O'Kelly. The Western Union Telegraph Co. a corporation and others the names of whom are unknown to the jurors, against the form of the Statute in such case made and provided, and against the peace and dignity of the State."

"That the said C. S. Singletary on the 17 day of September in the year of our Lord one thousand nine hundred and 36 with force and arms, at Anderson in the County Anderson and State aforesaid, did wilfully utter and publish as true, a certain false, forged and counterfeit writing, and instrument of writing to wit, a bank draft with certification endorsed thereon of the tenor as follows, that is to say: '$200.00 San Francisco Calif. Sept. 11th 1936 On Demand

Pay to the Order of C. S. Singletary Two Hundred and no/100 Dollars. Value Received and charge the same to account of S. L. Read and Company. To Crocker National Bank and Trust No San Francisco California Geo. D. Bailey' And endorsed on the face of said draft the following 'Certified $200/00 No 1246 Date 9/12/36 Crocker Natl. Bank, San Francisco Calif—D. V. James, Teller,' * * * he the said C. S. Singletary then and there well knowing the same to be forged with intent to defraud W. S. O'Kelly and Western Union Telegraph Company, a corporation and others the names of whom are unknown to the jurors. Against the form of the statute in such case made and provided, and against the peace and dignity of the State."

Before the commencement of the trial the State elected to go to trial upon the charges in the first and second counts, namely, that of forgery and that of uttering, etc., a forged instrument, and *nol prossed* the charge in the third count, namely, that of obtaining property under false pretenses, etc.

Immediately before the Judge charged the jury, the State asked that only the charge in the second count be submitted to the jury and the State consented to a verdict of not guilty upon the charge in the first count. Thereupon the charge in the second count was submitted to the jury, and the jury returned a verdict of "Guilty" upon said charge. The appellant was duly sentenced and in due time gave notice of intention to appeal to this Court.

Upon the conclusion of the State's testimony the appellant moved for a directed verdict, which was refused. At the conclusion of all of the testimony, appellant moved that in the matter of arguments to the jury the solicitor be required to open. Thereupon the solicitor made an opening argument; then followed the defense's argument, which was followed by the solicitor's reply.

Before the indictment was handed to the jury to take with them in the jury room while deliberating on the innocence or guilt of appellant, the trial Judge numbered the three counts therein contained in the order of their appearance in

the indictment, I, II, and III. Upon the margin of Count I and immediately below the numeral which he had placed in the margin, the presiding Judge wrote the following: "Withdrawn by the Solicitor and verdict of Not Guilty directed on this Count. J. H. J., Presiding Judge 9/10/37." And immediately below the numeral III and on the margin of the said Count III, the trial Judge wrote the following: "Nol Pros by Solicitor before Jury drawn. J. Henry Johnson, Presiding Judge. 9/9/37." And in the indictment between Counts I and II the presiding Judge wrote the following: "Only Count II charging 'Uttering,' etc., submitted to the Jury. J. Henry Johnson, Presiding Judge, Sept. 10, 1937." He also marked lines through the wording of Counts I and III.

Before entering upon a discussion of the exceptions in the main appeal, we will state that the exceptions to the order of the presiding Judge settling the "Statement" of the case on appeal are overruled. The "Statement" as allowed is all that is necessary, and truly reflects that which is borne out by the record, without unnecessary detail.

There is nothing in the record which was before the trial Judge when he made his order settling the case for appeal from which it could be said that the solicitor did not fully open in his argument on Count II of the indictment. And as to what transpired at the trial, we are bound by the statement of the trial Judge, even if the stenographic notes taken at the time should show differently, which they do not. This will be gone into further in passing upon appellant's Exception 2 in the main appeal.

Exception 1 alleges error in the trial Judge's refusal to direct a verdict on the ground that there was not sufficient evidence of appellant's guilt to submit to the jury; and Exception 3, we presume, undertakes to allege a variance between the evidence and the crime charged in the indictment.

The instrument which is alleged to be a forgery, and with which appellant is charged with having uttered, knowing

same to have been forged, with intent to defraud, appears as follows:

"$200.00 . San Francisco Calif
"Sept 11th 1936

"On Demand................Pay to the Order of C. S. Single-tary Two Hundred and No/100 Dollars.

"Value received and charge the same to account of S. L. Read and Company

"To Crocker National
Bank and Trust       } Geo D Bailey."
"No. San Francisco
California

Across the face of this draft appears a crude "Certification" of this bank draft apparently made with a rubber stamp outfit, except in blank spaces left therefor, the amount "200.00"; the No. "1246," and the Date, "9/12/36," being filled in with pen and ink, and signed in pen and ink, "D. V. James, Teller." On the back of draft appears the indorsement, "Dr. C. S. Singletary 15 E. Coffee St."

The above-described instrument was set out in the indictment as originally drawn in each of the three counts, and of course remained in Count II, the one on which appellant was convicted.

We do not see that it would serve any purpose to set forth herein the testimony on which the case was submitted to the jury. Suffice it to say that we have carefully read the entire record with the exception of pages 88 and 119, missing from the copy furnished the writer hereof, and agree with the statement of the trial Judge made at the time he refused the motion of appellant for a new trial, " * * *, and no honest jury could have returned any other verdict than the one it did return."

The statutes, Code 1932, § 1211, covering forgery, are mere enlargements of the common-law offense.

As was stated in *State v. Webster*, 88 S. C., 56, 58, 70 S. E., 422, 423, 32 L. R. A. (N. S.), 337: " 'The purpose

of the statute against forgeries is to protect society against fabrication, falsification, and the uttering, publishing, and passing of forged instruments, which, if genuine, would establish or defeat some claim, impose some duty, or create some liability, or work some prejudice in law to another, in his right of person or property.' *People v. Tomlinson,* 35 Cal., 503; *State v. Cordray,* 200 Mo., 29, 98 S. W., 1, 9 Ann. Cas., 1110."

The three important factors requisite to constitute forgery by uttering or publishing a forged instrument are: (1) It must be uttered, or published as true or genuine. (2) It must be known by the party uttering or publishing it, as false, forged, or counterfeited. (3) It must be with intent to prejudice, damage, or defraud another person. *State v. Murray,* 72 S. C., 508, 513, 52 S. E., 189.

Under the statute, a forgery may be committed, not only by the fraudulent making or altering of a writing, to the prejudice of another's rights, but by the uttering or publishing of such forged instrument when the three factors above spoken of are present.

While one guilty of forging and uttering an instrument is guilty of but one offense, forgery, yet one is guilty of forgery in uttering the instrument if the three factors be shown. And, of course, one might be guilty of uttering and not of forgery.

We are unable to follow the logic of appellant's argument that "the draft offered in evidence, being equally attributable to the support of either count, presumably was in support of the first count, * * * because the first count charged forgery by the act of making." And that "consequently no instrument was introduced in support of the second count * * *."

The instrument introduced as evidence was the one set out *in hæc verba* in both counts. If there had been but one count, the second, in the indictment, it would have been equally necessary to introduce the instrument, if for no other purpose than as evidence of its being a forgery, because if

the instrument was not a forgery, then uttering and publishing it did not constitute the crime of forgery.

Even a casual comparison of the description of the instrument set out in Count II, and of the instrument introduced in evidence, will demonstrate that there is no variance in the allegations of the indictment and the evidence.

Exceptions 1 and 3 are overruled.

Exception 2 alleges error in not requiring the solicitor in his opening argument to acquaint the appellant with the law and facts upon which he would ask a verdict of guilty on the second count, and on which count the appellant was convicted.

The record shows that when the appellant closed his testimony, and the announcement was made by the solicitor that the State had nothing in reply, that the appellant, addressing the Court, stated: "The defense begs the motion that the Solicitor make his opening speech to the jury. We don't want to waive that." The next thing we find in the record is the following: "Thereupon the Solicitor made the opening argument to the jury upon the law and the facts relied upon by the State. Then followed the defense's argument and then the Solicitor's reply."

As to what the solicitor actually stated to the jury, there is of course no record. But there was no complaint at the time registered by appellant, and if he felt any grievance, then was the time to call it to the attention of the trial Judge. Furthermore, in the settling of the case for appeal, which was the first time any mention was made of the failure of the solicitor to fully open, the trial Judge found adversely to the claim of appellant. The finding of the trial Judge is conclusive.

Exception 4 is as follows: "The Presiding Judge erred in not dismissing the appellant under the indictment, the error being that he permitted the appellant to be both acquitted and convicted under the charge of one indictment, after being placed in jeopardy for the whole indictment."

What we have said in discussing Exceptions 1 and 3 disposes of this exception, but we will add a quotation from *State v. Sheppard,* 54 S. C., 178, 181, 32 S. E., 146, 147: "The rule in this State, as deduced from the cases of *State v. Nelson,* 14 Rich., 169 [94 Am. Dec., 130], and *State v. Scott,* 15 S. C., 434, seems to be that, while distinct offenses may be charged in separate counts of the same indictment, the proper practice is, where the several offenses grow out of the same transaction, to instruct the jury to pass upon the several counts separately; but, if the several offenses charged do not grow out of the same transaction, then the proper practice is to require the prosecuting officer to elect upon which count he will proceed. In this case it has not been made to appear that the offenses charged in the several counts grew out of different transactions, and, on the contrary, it would seem from the allegations in the indictment that the several offenses charged all grew out of the conduct of the defendants at the Countsville African Methodist Episcopal Church on the 20th of June, 1897. The charge of the Circuit Judge is not set out in the 'case,' and we can only infer from what does there appear what was its purport. No exception is taken to the charge, and we must assume that it was unexceptionable. It being the duty of the circuit judge to instruct the jury to pass upon the several counts in the indictment, we must assume, in the absence of any imputation of error in this respect, that the circuit judge performed his duty; and, in addition to this, it appears from the 'case' that the jury did not discriminate in their findings, as the verdict shows that they found the defendant, Sheppard, guilty under the second and third counts in the indictment, while the other two defendants were found guilty under the third count only, and none of the defendants were found guilty under the first count in the indictment. This shows conclusively that the jury were either properly instructed as to their duty in the premises, or that they not only knew, but performed, their duty without instruction. Besides, as the two defendants who are prosecuting this appeal (the defend-

ant, Sheppard, having abandoned his appeal) were convicted under the third count in the indictment only, the practical effect, as to them, is the same as if there was no other count in the indictment; and hence they have no reason to complain."

In the case at bar, only one count in the indictment was submitted to the jury, and this count charged the offense of forgery by the uttering of a forged instrument.

Exception 5 does not merit a discussion, the record clearly showing to the contrary of the statement contained in the exception.

Exception 6 has been abandoned, and the alleged error complained of in Exception 7 has hereinbefore been disposed of in our discussion of Exceptions 1 and 3.

A sufficient answer to Exception 8 is the fact that a complete record of the proceedings had at the trial of appellant has been presented this Court, and this Court has undertaken to pass upon every possible question raised by the exceptions. We know of no provision in the law for the financial assistance of one who has been convicted of an offense in appealing from such convicton other than the furnishing of one copy of the testimony by the Court stenographer, when the appellant is unable to pay for same.

Exception 9 is not warranted. We reproduce the record as to what occurred at the time the trial Judge directed a verdict of not guilty on the first count in the indictment.

"Mr. Fant. May it please the Court, it's well recognized that in order to convict one of an offense that the offense must have been committed in the county where the trial is. In this case I think the evidence shows, and my argument to the jury along that line was, I think the evidence shows that the making of this instrument occurred in Greenville County, and certainly there's enough evidence for a reasonable doubt as to whether it was actually made in this county. So, in view of that, the charge was making, that charge in the first count of making the instrument, the venue would be properly in Greenville, rather than in Anderson, and in view of that

we are going to withdraw or consent to a verdict—withdraw that count from the jury and leave only the uttering or publishing or passing the forged instrument in this county as the issue in this trial.

"The Court. I think that's quite proper, Mr. Solicitor.

"Mr. Fant. Because if the evidence shows anything at all, it shows the making happened in Greenville.

"The Court. Yes, sir."

All exceptions are overruled, and the judgment and sentence appealed from affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.