STATE of Missouri, Respondent,

v.

David W. BOLEY, Appellant.

No. KCD 29308.

Missouri Court of Appeals, Kansas City District.

May 1, 1978.

---

Jack N. Peace, Stockard, Andereck, Hauck, Sharp & Evans, Trenton, for appellant.

John D. Ashcroft, Atty. Gen., Walter O. Theiss, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

PER CURIAM.

Defendant, charged by information with the crime of forgery (Sec. 561.011, RSMo 1969), waived trial by jury, and upon trial to the court was found guilty and sentenced to five years imprisonment.

As the points of error presented on appeal by defendant (five in number) do not call for an extended synopsis of the facts for their resolution, an abbreviated statement appears appropriate. The trial court could, and obviously did, find beyond a reasonable doubt that at approximately 1:00 P.M. on October 11, 1976, defendant approached the "walk-up" window of the Citizens National Bank in Chillicothe, Missouri, and presented to Margo Carter, the teller on duty, a check purportedly drawn on said bank by Ralph Blakely as maker and naming Viral Johnson as payee. The check was dated October 11, 1976, and was in the amount of fifty dollars. The check had already been endorsed when it was presented to the teller. Defendant asked the teller to cash the check and she complied and

gave defendant fifty dollars in United States Currency. Ralph Blakely, a checking account customer of the bank and purported maker of the check, testified that he did not sign the check nor did Blakely make or deliver any check to either defendant or Viral Johnson. Defendant was at the "walk-up" window approximately three minutes concluding the transaction. During this three minutes the teller was actually looking at defendant approximately a minute and a half. It was clear and sunny at the time and the teller had an unobstructed view of defendant from the waist up. The teller positively identified defendant at the trial as the person who presented the check to her on October 11, 1976, and received fifty dollars in cash. No explanation of defendant's possession of the check was ever offered.

Defendant impugns his conviction and sentence on the grounds (1) that the trial court erred in permitting the state, over defendant's objection, to introduce evidence that defendant attempted to cash forged checks of a similar nature at the bank on two subsequent occasions, to-wit, on Wednesday, October 13, 1976, and on Friday, October 15, 1976, (2) that the trial court erred in admitting, over defendant's objection, certain state's exhibits, (3) that the evidence was insufficient to identify defendant as perpetrator of the offense, and (4) that the five year term of imprisonment imposed by the trial court constituted "cruel and unusual" punishment in contravention of defendant's rights under the Eighth Amendment to the Constitution of the United States and Art. I, § 21, Mo. Const.1945.

Defendant's first point revolves around the contention that the testimony by certain state's witnesses to the effect that defendant on two subsequent occasions attempted to present two other checks to the bank for payment naming Viral Johnson as payee impermissibly injected evidence of other crimes. The complained of testimony came from state's witnesses Margo Carter, Donna Boon and Bill Watson. Margo Carter, the teller who cashed the check for which defendant was prosecuted, testified

that defendant again came to "her window" on Friday, October 15, 1976, at which time she did not "transact any business with him"; Donna Boon, a teller at the window in the lobby of the main banking house of the Citizens National Bank, testified that at approximately 1:00 P.M. on Wednesday, October 13, 1976, a person, whom she identified as being the defendant, presented a check naming Viral Johnson as payee at her window for payment which she refused to "cash"; and Bill Watson, Vice-President of the Citizens National Bank, testified that on Friday, October 15, 1976, he encountered a person, whom he identified as being the defendant, at the bank's drive-up window who presented a check for payment purportedly made by Ralph Blakely and naming Viral Johnson as payee, and although defendant said he was Viral Johnson, Watson refused to cash said check, and in response to defendant's inquiry as to why he refused to do so he told defendant that he thought the check was a forgery.

Defendant hammers away at the well established principle that evidence of the commission of other crimes is generally inadmissible. He conveniently ignores the equally well established obverse principle that evidence of other crimes is competent to prove the specific crime charged when it tends to establish motive, intent, identity, absence of mistake or accident, or a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. *State v. Kornegger*, 363 Mo. 968, 255 S.W.2d 765, 768 (1953); and *State v. Smith*, 431 S.W.2d 74, 79 (Mo.1968). The "acid" test for determining whether evidence of other crimes falls within any of the recognized exceptions is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced, and if it reasonably tends to prove a material fact in issue it is not to be rejected merely because it incidentally tends to prove the accused's guilt of another crime. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (banc 1954).

■ Assuming that the testimony of Margo Carter, Donna Boon and Bill Watson showed that defendant forged other checks during the week of October 11, 1976, such testimony was admissible because of its logical relevancy to establish intent and a common scheme or plan relative to the charged offense.

■ Intent to defraud is an element of the crime of forgery and must be averred and proved. See: Sec. 561.011, supra; and *State v. Cordray*, 200 Mo. 29, 98 S.W. 1 (1906). Consequently, it has been held in a wide range of cases involving various types of forgeries that the admission of evidence showing that the respective accuseds perpetrated similar forgeries near the time and place in question was not error. *State v. Minton*, 116 Mo. 605, 22 S.W. 808 (1893), forged deed, reversed on other grounds; *State v. Hodges*, 144 Mo. 50, 45 S.W. 1093 (1898), forged check, *State v. Stark*, 202 Mo. 210, 100 S.W. 642 (1907), forged deeds; and *State v. Morro*, 313 Mo. 114, 280 S.W. 697 (1926), forged account books.

The following cases involving prosecutions for uttering a check on an account in which the maker had no funds and for obtaining money by false pretenses through the use of a false and bogus check augur in favor of the conclusion that the complained of testimony was admissible to show defendant's intent to defraud. The accused in *State v. McWilliams*, 331 S.W.2d 610 (Mo. 1960), reversed on other grounds, was charged with writing a check on an account in which he knew he had no funds. The court squarely held in *McWilliams* that evidence that the accused had passed two similar checks before and two similar checks after the one for which he was charged and standing trial (all five checks were passed over a period of nine days) was admissible as showing accused's intent to defraud. The accused in *State v. Hartman*, 364 Mo. 1109, 273 S.W.2d 198 (banc 1954), was charged with obtaining money by false pretenses on March 15, 1951, through the use of a false and bogus check. The court held in *Hartman* that evidence that the accused had passed similar checks on March 14,

1951, and May 11, 1951, was admissible on the issue of accused's intent and that the check passed on May 11, 1951, was not too remote.

The conclusion that the complained of testimony was also admissible to show a common scheme or plan likewise finds support in existing case law. In *State v. Burnett*, 429 S.W.2d 239 (Mo.1968), the accused was charged with uttering a forged check. There was evidence that accused uttered three other forged checks on the same day and the admission of this evidence was assigned as error on appeal. The court in *Burnett* held the assignment of error to be without merit and in doing so cited with approval the following language found in *State v. Adamson*, 346 S.W.2d 85, 88 (Mo. 1961): "It would be difficult to conceive of a better example of a 'common scheme' than was shown here in the preparation and passing of these various checks. Evidence of the integral parts of the scheme were admissible to prove elements of the State's case, not the least of which was an 'intent to defraud' in the words of § 561.011."

Defendant's stance appears to be that the complained of testimony was inadmissible because it related to offenses committed on days other than the day the charged offense occurred. This distinguishing fact was obviously not the ratio decidendi in the heretofore synopsized cases of *State v. McWilliams*, supra, and *State v. Hartman*, supra. For reasons heretofore stated, this court concludes that the complained of testimony was admissible as it possessed a logical relevancy tending to show a common scheme or plan of intent to defraud.

■ Defendant's second point is divided into three subpoints. The third subpoint, and it only partially, is the only one carried forward into the argument portion of defendant's brief and supported by the citation of authorities. The first two subpoints, lacking as they do any argument or citations of authority to support them, are deemed to have been abandoned and preserve nothing for appellate review. *State v. Drake*, 514 S.W.2d 653 (Mo.App.1974). That portion of the third subpoint carried

forward in the argument portion of defendant's brief complains that handwriting exemplars given by defendant and admitted into evidence over his objection should have been excluded because they were incriminatory and the evidence was conflicting as to whether giving them was preceded by a *Miranda* warning.

■ The taking of a handwriting exemplar, the content of which is neither testimonial nor communicative, does not violate one's Fifth Amendment privilege against self-incrimination. It is an identifying physical characteristic which does not fall within the ambit of constitutional protection. *Gilbert v. State of California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Hence, a *Miranda* warning was not required, and the remaining portion of defendant's third subpoint is of no justiciable moment.

■ Defendant, by way of his third point, charges that the evidence was insufficient to support the necessary finding by the trial judge that defendant was the person who presented the check in question to the Citizens National Bank on October 11, 1976, for payment. The course of defendant's argument runs that his identification by Margo Carter, the teller who cashed the check, was fraught with doubt, vagueness and uncertainty. The transcript on appeal admits of no such conclusion. Margo Carter had an unobstructed view of defendant from the waist up for a period of approximately a minute and a half on a clear, sunny day. During the course of the trial she positively and unequivocally identified defendant as the person who presented the forged check to her for payment, and her testimony in this respect stood unshaken on cross-examination. Defendant attempts to sway the issue by a "numbers" argument— only one witness, Margo Carter, identified him as opposed to three alibi witnesses called by defendant who placed him elsewhere at the time the offense was committed. This oft tendered argument invariably fails because the testimony of a single witness, if believed, is sufficient to establish an accused's identity and will support a convic-

tion. *State v. Thomas*, 541 S.W.2d 775 (Mo. App.1976); and *State v. Graham*, 527 S.W.2d 936 (Mo.App.1975). It being sufficient, it is axiomatic that its weight was a matter for the trier of the facts to determine.

■ In his fourth and final point defendant claims the five year sentence imposed constituted "cruel and unusual punishment" within the constitutional proscriptions of the Eighth Amendment of the Constitution of the United States and Art. I, § 21, Mo. Const.1945. As succinctly pointed out in *State v. McCaine*, 460 S.W.2d 618, 621 (Mo. 1970), said constitutional provisions generally "refer to the statute fixing the limits of punishment for an offense and not to the individual assessment of punishment by judge or jury within the statutory limits in a particular case." Defendant has not attacked the statutory limits of punishment fixed by the legislature; to the contrary he limits his attack to the term of confinement fixed by the trial judge. The term of confinement fixed by the trial judge, to-wit, five years imprisonment, was within the statutory limits prescribed by the legislature. Sec. 561.011.2, RSMo 1969. As held in *State v. Agee*, 474 S.W.2d 817, 821–22 (Mo.1971), citing with approval *State v. Brownridge*, 353 S.W.2d 715, 718 (Mo.1962), "a punishment [within the statutory limits for the offense] is not cruel and unusual because of its duration '. . . unless so disproportionate to the offense committed as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances.'" See also *State v. Johnson*, 549 S.W.2d 348, 352 (Mo.App. 1977). This court cannot say with abiding conviction that the five year sentence meted out in the instant case was such as to "shock the moral sense of all reasonable men as to what . . . [was] right and proper under the circumstances." As a practical matter defendant implores this court to invoke a principle of mandatory appellate review of all sentences under the guise that each presumptively constitutes "cruel and unusual punishment". This

court lacks both the authority and inclination to do so.

Judgment affirmed.

All concur.