**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John MALADY, Defendant-Appellant.**

**No. 46750.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 3, 1984.

James A. Bell, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Presiding Judge.

John Malady appeals from a judgment convicting him of capital murder in violation of § 565.001 RSMo. 1978, pursuant to a jury verdict. He was sentenced to life imprisonment without eligibility for parole for fifty years. The judgment is affirmed.

Appellant Malady raises four points of alleged trial court error. First, he contends that the evidence was insufficient to support a conviction for capital murder because there was no evidence that the killing was intentional or that he reflected upon the matter coolly and fully. The second and third points relied on argue essentially the same point: that the trial court erred in allowing in evidence of Malady's involvement in other crimes. Fourth, appellant maintains that the trial court erred in failing to give the jury an instruction on first degree felony murder.

When the sufficiency of evidence is challenged, the reviewing court is obliged to accept as true all direct or circumstantial evidence favorable to the verdict and all reasonable inferences which may be drawn from that evidence, while ignoring all evidence to the contrary. *State v. Lieberknecht,* 608 S.W.2d 93, 99 (Mo.App.1980). Viewed by this standard, sufficient evidence was presented to the jury to support the conviction for capital murder.

The theory of the state's case is that Bruce Hegger was slain by Lawrence Rorie and John Malady in retaliation for testimony which Hegger had given to a grand jury.

On the morning of April 14, 1980 Hegger testified before a grand jury which was investigating Rorie in connection with a possible charge of receiving stolen property, a 1970 Ford truck worth over one hundred fifty dollars. See § 570.080 RSMo. 1978. Although Malady was not a subject of the grand jury's investigation, he was. connected to Rorie's alleged car theft activ-

ities through evidence that Malady had loaned Rorie tools, which Malady kept in a black brief case, tools used in stealing automobiles.

After testifying before the grand jury, Hegger went to an apartment shared by Theresa (Tammy) Watkins and Linda Smith, Rorie's and Malady's girl friends. Hegger told Tammy of his grand jury testimony. No reason was given for Hegger's disclosure of his grand jury testimony to Rorie's girl friend who then relayed that information to Rorie.

Still later that day, Hegger met Rorie and Malady in the apartment. Around seven p.m. a man who lived in the apartment above Tammy and Linda's awoke to the sounds of a fight in the apartment below. He looked outside and saw two men, each of whom possessed handguns, pushing a third man into the street. After ripping the shirt off the third man's back, the two men returned to the apartment. The victim staggered across the street, after which the two men, Malady and Rorie, exited the apartment, one of them carrying a dark brief case, and drove off in a red station wagon.

Bruce Hegger, bloody and shirtless, died on the steps of a house across the street and a few houses down from Tammy and Linda's apartment. The cause of death was loss of blood from a gunshot wound to the chest.

In a taped statement which was played to the jury, Malady admitted that he and Rorie were present at the time Hegger was killed, that he carried a black brief case out of the apartment, and that the pair drove off in Malady's station wagon.

■ Although Malady insisted that Hegger was accidentally shot during a struggle for a gun which Hegger had pulled from under a couch, the state was not bound by the accused's version of the incident. See *State v. Goacher*, 376 S.W.2d 97, 103–104[9, 10] (Mo.1964). The jury could believe or disbelieve any portion of Malady's statement. *Id.*

Other circumstantial evidence tends to rebut Malady's contention that Hegger's death was accidental. Not only did Hegger suffer a gunshot wound to the chest, but he was also cut and bruised.

Most notably, Hegger received incised wounds to the sides and back of the head and on the right hand. Incised wounds represent cuts caused by sharp objects rather than stab wounds. The incised wound to the right hand, together with a contusion on the right fourth finger and a bullet wound through the right thumb, are consistent with a theory that the wounds were inflicted while Hegger was defending himself, trying to hold off a gun or a sharp instrument. Hegger also suffered superficial scrapings on the left hand and right shoulder or collar where his shirt had been torn off.

In his statement, Malady had said Rorie and Hegger were "fighting pretty good," punching each other, "scuffling" and "entangling" when he, Malady, came out of the bathroom in the apartment. The police, however, found no signs of a struggle inside the apartment. The furniture was not knocked down or tipped over. The police did find blood stains in the front room on the couch, the drapes, the floor and the door.

■ Against this evidentiary background, appellant gives four reasons why the evidence is insufficient to support a capital murder conviction. First, appellant argues that nothing in the record supports more than an accidental homicide. A homicide committed accidentally or unconsciously will not support a conviction for capital murder. See *State v. Thomas*, 595 S.W.2d 325, 328[7–9] (Mo.App.1980).

■ The jury could have legitimately inferred that the Hegger homicide was not accidental from the evidence of several wounds and the testimony of the upstairs neighbor who saw that the assailants were armed and the victim was not.

Next, appellant argues that the evidence supports nothing more than a mere suspicion of guilt. "Mere suspicion of guilt,

however great, is not sufficient to authorize a conviction of a crime." *State v. Gonzales*, 533 S.W.2d 268, 272[2–4] (Mo. App.1976). The evidence in the case under review rises above a mere suspicion.

■ Appellant himself admits that he was present at the scene and struggling with the deceased when the gun discharged. The circumstantial evidence shows an assault by two armed men on an unarmed victim and also rebuts appellant's contention that the homicide was accidental.

In the third prong of his assault on the evidence, appellant concedes the sufficiency of the evidence to support a conviction for second degree murder, but contends that the jury had no evidence from which it could infer that the murder was committed "in a cool state of blood," or deliberately as required for a capital murder conviction under § 565.001 RSMo. 1978.

■ If there was sufficient evidence for the jury to find beyond a reasonable doubt that the state proved the element of deliberation, the finding will not be disturbed on appeal. *State v. Shaw*, 569 S.W.2d 375, 378[4] (Mo.App.1978).

■ The element of deliberation may be inferred from the circumstances. The evidence showed that Rorie and Malady were both armed while Hegger was not. Hegger suffered multiple wounds. Rorie and Malady pursued and pushed Hegger out of the apartment into the street and tore his shirt off. The apartment bore no signs of a struggle. If there had been a struggle, appellant and Rorie calmly straightened up the apartment after pushing Hegger, mortally wounded, out into the street. Rorie and Malady each had a motive to kill Hegger. From this evidence, the jury could have reasonably found that Rorie and Malady deliberately beat, cut and then shot Hegger, who offered little resistance.

Appellant compares *State v. Mitchell*, 408 S.W.2d 39 (Mo.1966) and *State v. Shaw, supra,* where findings of premeditation and deliberation were upheld, to the case at bar and concludes that the instant case contains insufficient evidence to support a finding of deliberation.

In *State v. Mitchell*, the defendant left and returned to the murder scene twice before shooting the victim. Although the evidence to support an inference of deliberation was arguably stronger in *Mitchell* than in the present case, that fact standing alone will not invalidate appellant's capital murder conviction; *Mitchell* does not represent the evidentiary threshold which the state must overcome, but is simply one example of a case where the evidence exceeded the required standard of proof.

*State v. Shaw*, the other case cited by appellant, is factually similar to the case at bar, and in *Shaw* the finding of deliberation was upheld.

■ Appellant finally argues that the evidence shows only his mere presence at the scene of the crime coupled with an opportunity to have committed it. Mere presence of the accused at the scene of a crime, coupled with an opportunity to have committed it, will not support a conviction of crime. *State v. Arnold*, 566 S.W.2d 185, 189[9, 10] (Mo. banc 1978).

■ The evidence here shows not only appellant's presence at the scene of the crime coupled with an opportunity to murder Hegger, but also a motive for the killing, a weapon in the hands of appellant, multiple wounds on the victim, and a consciousness of guilt as evidenced by the fact that appellant when arrested was found hiding in a closet at his sister's house.

The evidence fully supports a finding that Malady participated in the wilful, intentional, unlawful, premeditated and deliberate murder of Bruce Hegger. Point I is denied.

In his second and third points appellant argues that the trial court erred in allowing evidence of appellant's and Rorie's involvement in motor vehicle theft activities. Appellant contends the evidence of the automobile theft activities constituted inadmissible evidence of other crimes.

The general rule is that evidence of crimes committed by the accused other than the crimes charged is inadmissible. *State v. Shumate*, 478 S.W.2d 328, 330[2, 3] (Mo.1972); *State v. Shive*, 624 S.W.2d 136, 140[3, 4] (Mo.App.1981). Evidence of other crimes is admissible, however, to establish motive, intent, absence of mistake or accident, common scheme or plan, or the identity of the person charged. *State v. Dees*, 639 S.W.2d 149, 157–158[7] (Mo.App.1982).

The evidence that appellant and Rorie were involved in the theft of motor vehicles and that appellant possessed the tools used in stealing automobiles tended to establish appellant's motive for killing Hegger. Appellant, along with Rorie, wanted to kill Hegger in retaliation for Hegger's grand jury testimony against Rorie regarding the car theft activities. Evidence of the participation by appellant in other crimes is admissible to prove his motive. See *State v. Barnes*, 204 S.W. 264, 266–267 (Mo.1918). There was no error. Points II and III are denied.

Appellant's final contention is that the jury should have been instructed on first-degree, felony murder, § 565.003 RSMo. 1978, as a lesser included offense of capital murder. First degree murder is not a lesser included offense of capital murder. *State v. Williams*, 652 S.W.2d 102, 112[21] (Mo. banc 1983). Point IV is denied.

The state complains that appellant's allegations of trial court error have not been preserved for review because appellant's motion for new trial was untimely filed. Rule 29.11(b). The record shows this to be true. The state also contends that appellant's appeal should be dismissed because the argument portion of appellant's brief lacks specific page references to the transcript. Rule 30.06(h). The brief suffers from this defect. Appellant's points have nonetheless been considered and this court finds no error, much less plain error or manifest injustice.

The judgment is affirmed.

STEWART, J., and RONALD M. BELT, Special Judge, concur.