STATE of Missouri, Plaintiff-Respondent,

v.

Ronald CLAY, Defendant-Appellant.

No. 48240.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 15, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1985.

Application to Transfer Denied April 2, 1985.

John Putzel, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Judge.

Appellant was found guilty by a jury of one count of first degree robbery and one count of attempted first degree robbery. The trial court sentenced appellant as a persistent offender to concurrent prison terms of 25 and 10 years on the respective convictions. We affirm.

Appellant contends the trial court erred in: (1) admitting evidence of other crimes; and (2) admitting testimony of a police officer regarding descriptions from police reports which the officer did not prepare.

On December 27, 1982, a man identified as appellant entered a Jack-in-the-Box restaurant at 1807 Gravois in the City of St. Louis and ordered tacos and french fries. He then turned from the counter where he had placed his order and confronted a couple, who were standing in line beyond him, with a handgun. He demanded that the woman, who was wearing a security guard's uniform with a gun in a holster, deliver her weapon to him, with which demand she complied. He then turned back to the counter and ordered the cashier to give him money. The cash register jammed shut, however, and he fled with no money. The first degree robbery charge was based upon the forcible stealing of the security guard's weapon. The attempted theft of cash from the restaurant supports the attempted first degree robbery charge.

Appellant's first contention is that the trial court erred in allowing evidence regarding his alleged participation in a robbery of another Jack-in-the-Box restaurant on January 4, 1983. In the early morning hours of that date a man approached the front door of a Jack-in-the-Box restaurant at 5600 South Grand Avenue. An employee directed him to the drive through window as the doors were locked. The man went to the window and placed an order for tacos and fries. When handed his order, the man displayed a gun and demanded money. The employee gave him money from the cash drawer and the man then drove off. The employee identified appellant as the robber. Another employee obtained the license number of a robber's car.

A police officer observed a car run a stop sign a few blocks from this restaurant and gave chase. During the pursuit, which

covered several city streets, the officer was informed by radio that the car he was pursuing was the car involved in the robbery. The pursuit ended with the apprehension of appellant, the driver and sole occupant of the car. Later that morning, a pistol was found on the pavement of one of the streets over which the pursuit had taken place. This pistol, as well as hush puppy type shoes worn by the appellant when apprehended, were identified as the pistol and shoes used and worn by the perpetrator of the first Jack-in-the-Box robbery on December 27, 1982.

■ The general rule is that evidence of crimes committed by the accused other than the crime charged is inadmissible; however, evidence of other crimes is admissible to show motive, intent, absence of mistake or accident, common scheme or plan, or identity of the accused. *State v. Malady,* 669 S.W.2d 52, 56 (Mo.App.1984). The evidence in this case of the subsequent robbery was properly admitted as being within the common scheme or plan and identity exceptions. The phrase "common scheme or plan" as used within this rule is not limited to multiple crimes which form a part of the same transaction or series of transactions or which have a common or related purpose. *Cf. State v. McCrary,* 621 S.W.2d 266 (Mo.banc 1981); *State v. Smith,* 631 S.W.2d 353 (Mo.App.1982); *State v. Knighton,* 518 S.W.2d 674 (Mo. App.1975). It is also applied to distinct crimes committed in such a similar fashion as to lead to an inference that both were perpetrated by the same individual. *See* e.g. *State v. Young,* 661 S.W.2d 637, 639–640 (Mo.App.1983) (identical methodology earmarking separate crimes as the handiwork of the accused); *State v. White,* 654 S.W.2d 288, 290 (Mo.App.1983) (common scheme or plan and identity, "the modus operandi was similar in both cases"); *State v. Heffner,* 641 S.W.2d 803, 808 (Mo.App. 1982) (common scheme or plan and identity though crimes were one and one half months apart); *State v. Williams,* 602 S.W.2d 209, 212 (Mo.App.1980) (common scheme or plan and identity though crimes were one half months apart, "the two

transactions were committed in strikingly similar fashion").

■ This case falls within the latter category. Both the December 27 and the January 4 robberies involved Jack-in-the-Box restaurants in South St. Louis. Both involved a robber who, after placing an identical order for tacos and fries, displays a handgun and demands the money in the cash drawer. The modus operandi is so similar as to lead to an inference both robberies were committed by the same person. This plus the use of the same weapon in each robbery has a legitimate tendency toward earmarking both crimes as the handiwork of appellant. The evidence regarding the second robbery was necessary in order to prove appellant's possession of the handgun used in the first. Where the investigation of one crime involves an inquiry into another crime the two may be so inseparably connected that proof of one necessarily involves proving the other. *State v. Lue,* 598 S.W.2d 133, 137 (Mo. banc 1980). Appellant's first point is without merit.

■ Appellant's second point is that the trial court erred in permitting a police officer to testify regarding the descriptions contained in the police reports of the two robberies. The officer had not prepared the reports himself and appellant argues his reading from these reports constituted hearsay upon hearsay. The evidence was adduced for the purpose of explaining why the individual arrested after the January 4 robbery was placed in a line-up and shown to the witnesses of the December 27 robbery. Testimony offered in explanation of conduct rather than as proof of the facts testified to is not inadmissible hearsay. *State v. Brooks,* 618 S.W.2d 22, 25 (Mo. banc 1981); *State v. Calmese,* 657 S.W.2d 662, 663 (Mo.App.1983). Moreover, the same evidence of the physical description of the perpetrator of the two robberies had previously been testified to by other witnesses without objection. Therefore, even if the testimony had been improperly admitted, reversal would not be warranted.

"Admission of improper evidence is usually harmless if the fact sought to be shown is properly proved by other evidence." *State v. Mullen,* 645 S.W.2d 3, 5 (Mo.App.1982).

Judgment affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.