**STATE of Missouri, Respondent,**

v.

**Dennis A. MERCADO, Appellant.**

**No. 57053.**

Missouri Court of Appeals, Eastern District, Division Five.

April 3, 1990.

ing bad checks on June 21, 1988 in violation of § 570.120 RSMo 1986. Following his conviction by jury of this charge, he was sentenced as a prior offender to a term of five years imprisonment. On appeal, appellant contends that the trial court erred in: (1) receiving evidence of a separate crime; and (2) overruling appellant's pretrial request for a psychiatric examination. We affirm.

The sufficiency of the evidence to sustain appellant's conviction is not in dispute. Thus, only a brief recitation of the facts, viewed in the light most favorable to the jury verdict and disregarding contrary evidence, is necessary. *State v. Picone,* 760 S.W.2d 471, 473[1–4] (Mo.App.1988).

On May 12, 1989, appellant filed a pretrial motion requesting the appointment of a psychiatrist and a psychiatric examination. On May 19, 1989, a hearing was held on the pretrial motion during which appellant testified that he was suffering from depression and nervousness. Appellant stated that he had been examined at Fulton State Hospital thirteen years ago, but he could not recall the diagnosis. He also testified that, while currently incarcerated on a prior conviction at a correctional center in Illinois, he twice had seen a psychologist who had prescribed medication for "nerves and depression." On cross-examination, the following discussion was heard:

Q. Do you understand why it is we're here today, what the charges are against you?

A. Yeah.

Q. And you understand that those are insufficient funds checks?

A. Yes.

Q. And do you know what businesses that those were written to?

A. I don't recall right now.

Q. Okay. But you understand those were checks that were written in Hannibal?

A. Yes.

Q. And you understand that we're about to proceed with a jury trial—

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Thomas R. Motley, Dist. Defender, Hannibal, for appellant.

SIMON, Chief Judge.

Appellant was charged by amended information with the class D felony of pass-

A. Yeah.

Further, appellant admitted that he was able to communicate with and to understand the discussions he previously had with trial counsel concerning his upcoming trial.

Following appellant's testimony, the trial court denied the pretrial motion stating, "[a]t this time, I'll find there is no good cause to order an examination." In its docket sheet, the trial court noted that appellant's nervousness did not impair his ability to assist in his defense, that appellant was able to respond to questions, and that appellant exhibited a knowledge of the charge against him.

At trial, the state introduced evidence demonstrating that, on June 21, 1988, appellant tendered a check made out to J.C. Penney in the amount of $92.38 and a check made out to K–Mart in the amount of $134.63 in exchange for merchandise received. These stores are located in Hannibal, Missouri. Both checks were drawn on an account registered to a "Dennis Mercado" at the Centerre Bank in Springfield, Missouri. The employees of J.C. Penney and K–Mart who personally received the checks made an in-court identification of appellant.

After appellant's checks were returned for insufficient funds, both merchants notified appellant of the deficiency by certified mail sent to appellant's address printed on his checks. The letters were returned unclaimed to their respective stores, and no payment was received on either check.

A representative from appellant's bank testified that appellant's monthly bank statement issued on June 2, 1988 showed appellant's account to be overdrawn by $18.94. The next statement dated July 5, 1988 showed an overdraft of $854.94. The balance on June 21, 1988, the date on which the particular checks in question were written, indicated an overdraft of $998.94. Sufficient funds did not exist in appellant's account on June 21, 1988 to cover either the $92.38 check or the $134.63 check.

■ The trial court next entertained the testimony of Don Kirby and his daughter,

Gail Kirby, over the continuous objection of trial counsel that such testimony constituted evidence of an uncharged crime and was prejudicial to appellant. Don Kirby testified that he operates several fireworks stands. At one of the stands, a customer tendered a check for $335.00 which was returned for insufficient funds. His attempts to contact the customer were to no avail, and he never received payment on the check.

Gail Kirby testified that she was working at one of her father's fireworks stands as a cashier in the summer of 1988. On June 30, 1988, she accepted the above mentioned check in exchange for fireworks purchased. She made an in-court identification of appellant as the customer who had tendered the check.

Appellant presented no evidence on his behalf. After his conviction by jury and subsequent sentencing, this appeal followed.

In his first point, appellant contends that the trial court erred in receiving evidence of a separate crime because the prejudicial effect of this evidence outweighed its evidentiary value, thereby denying appellant his right to due process and equal protection under the United States and Missouri Constitution. The evidence about which appellant complains is the testimony of the Kirbys regarding the check appellant wrote on June 30, 1988 for $335.00; nine days after the crime occurred for which appellant was convicted.

As a general rule, evidence of other crimes is inadmissible. *State v. Bannister,* 680 S.W.2d 141, 146[13, 14] (Mo. banc 1984), *cert denied,* 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1985). Exceptions to this general exclusionary rule exist, however, when the evidence of the other crime tends to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; or (5) the identity of the person charged with the commission of

the crime on trial. *State v. Merritt*, 734 S.W.2d 926, 933[13] (Mo.App.1987); *State v. Clay*, 686 S.W.2d 516, 518[1, 2] (Mo.App. 1985). These exceptions permit the introduction of evidence for some purpose other than to show a greater likelihood that appellant, by virtue of his criminal nature as evidenced by proof of another crime, committed the crime currently charged. If the evidence falls within one of these recognized exceptions, it is admissible, and the determination of whether the relevance of the evidence outweighs its prejudicial effect lies within the sound discretion of the trial court. *Bannister*, 680 S.W.2d at 147[13, 14]. As stated in *State v. Boley*, 565 S.W.2d 828, 830[1, 2] (Mo.App.1978):

> The "acid" test for determining whether evidence of other crimes falls within any of the recognized exceptions is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced, and if it reasonably tends to prove a material fact in issue it is not to be rejected merely because it incidentally tends to prove the accused's guilt of another crime.

In *Boley*, the defendant was convicted of forgery for presenting a forged check to a bank. On appeal, defendant contended that testimony to the effect that defendant, on two subsequent occasions, attempted to present two other checks to the bank impermissibly injected evidence of other crimes. The appellate court held that "such testimony was admissible because of its logical relevancy to establish intent and a common scheme or plan relative to the charged crime." *Id.* at 831[3]. We find the reasoning of *Boley* applicable to the present case, and similarly conclude that the Kirby testimony was admissible because of its logical relevancy in establishing intent and a common scheme or plan relative to the charged crime of passing bad checks. That the trial court admitted this evidence under the identity exception is of no consequence. We find it admissible under the intent and common plan or scheme exceptions.

The Kirby testimony is relevant in establishing appellant's intent to defraud, which is an element of the crime of passing bad checks. *Schumer v. Craig Distributing Co.*, 745 S.W.2d 163, 164[1, 2] n. 2 (Mo.App. 1987). Their testimony illustrated that, after having already written two checks for $92.38 and $134.63 on an overdrawn bank account, appellant later wrote an even larger check for $335.00 from that same bank account nine days later. This evidence indicates that appellant could not have reasonably believed that the checks in question would be paid.

The Kirby testimony is also relevant in establishing appellant's common scheme or plan in passing bad checks. The check received by the Kirbys was drawn on the same account, signed with the same name, and given in exchange for merchandise received as was the two previous checks written on June 21, 1988. *See Clay*, 686 S.W.2d at 518[1–4]; *Boley*, 565 S.W.2d at 831[4].

■ Finally, the trial court is in a better position to balance the probative value versus the prejudicial effect of the evidence presented at trial. *Bannister*, 680 S.W.2d at 147[13, 14]. An appellate court will not interfere with the trial court's ruling on the admission of evidence absent a clear abuse of discretion. *State v. Clark*, 711 S.W.2d 928, 932[4, 5] (Mo.App.1986). We have examined the Kirby testimony, and find that its relevance in establishing appellant's intent and a common scheme or plan outweighs any prejudicial effect it may have. Appellant's first point is not meritorious.

■ In his second point, appellant contends that the trial court erred in overruling his pretrial request for a psychiatric examination because appellant's testimony at the hearing on the pretrial motion created reasonable cause to believe that he lacked mental fitness to proceed to trial.

■ Section 552.020.2 RSMo 1986 provides, in relevant part, that a mental examination shall be ordered "[w]henever any judge has reasonable cause to believe that the accused lacks mental fitness to pro-

ceed...." Reasonable cause may arise from evidence adduced or from the trial court's personal observation of appellant. *Guinan v. State,* 726 S.W.2d 754, 757[4–7] (Mo.App.1986), *cert. denied,* 484 U.S. 873, 108 S.Ct. 210, 98 L.Ed.2d 161 (1987). The trial court is vested with broad discretion in ordering a mental examination. *Id.*

Appellant complained of nervousness and depression. He stated in his motion that he felt his condition was hampering his ability to cooperate with trial counsel in the preparation of his defense. He had been receiving medication for "nerves and depression." Although he had received a mental examination thirteen years ago, he could not recall the diagnosis, and appellant presented no medical affidavits from his examining physician(s). His responses to the trial court's questions were lucid. Appellant stated that he understood the charges against him, on what facts those charges were based, and that he was able to understand and communicate with trial counsel. On these facts, the trial court did not abuse its discretion in denying appellant's request for a psychiatric examination. Appellant has failed to demonstrate how his condition hampered his ability to cooperate with trial counsel in the preparation of his defense. No reasonable cause existed to believe that appellant lacked mental fitness to proceed to trial. Finding this point not meritorious, the judgment of the trial court is affirmed.

Judgment affirmed.

DOWD, P.J., and JOSEPH J. SIMEONE, Senior Judge, concur.