

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED107671 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Montgomery County |
| vs. | ) | 17AA-CR00591-01 |
| | ) | |
| MORRIS EDWIN MILLER, | ) | Honorable Keith M. Sutherland |
| | ) | |
| Appellant. | ) | Filed: February 25, 2020 |

## OPINION

Morris Miller appeals the judgment of the Circuit Court of Montgomery County entered after a jury found him guilty of one count of felony forgery and one count of felony stealing for passing a fraudulent check on October 12, 2017, at Jonesburg State Bank in Jonesburg, Missouri. Miller now appeals asserting that the trial court plainly erred by allowing two law enforcement officers to testify that earlier that same day Miller had passed other fraudulent checks at two other banks. Because this testimony went to Miller's common scheme or plan to defraud, we find no error and affirm the judgment.

### Factual and Procedural Background

On October 12, 2017, Miller walked into the Jonesburg State Bank in Jonesburg, Missouri, to cash a check purportedly written on the account of a business called Cornerstone Masonry in the amount of $1,892.23. Miller handed the teller the check and told her it was payment for

1

electrical work he had done at a nearby residence. After Miller presented his driver's license to the teller, she recorded Miller's identification information on the back of the check, cashed the check, and Miller left with the cash.

Then, after Miller had left, the teller reported to her supervisor a question Miller had asked, which she found to be suspicious: Did the teller think there would be anyone that would want to rob the bank that day? The supervisor contacted Cornerstone Masonry, which confirmed that they did not issue the check and that Miller was not their employee and had not done any work for them.

Montgomery County Sheriff's Department Investigator James Dean located Miller in the City of St. Louis and questioned him about the check. Dean testified at trial that Miller stated that two men had approached him to do some drafting work on a building. After he did the work, the two men told Miller that he would be paid out of some checks they had, but that Miller would have to cash those checks. Miller told Dean that he and the two men went to three different Jonesburg Bank branches—the branch in Jonesburg that is the subject of this case and the branches in Warrenton, Missouri and Columbia, Missouri. Dean was unable to locate the two other men and neither was identified or testified at trial.

Warrenton Police Officer James Plackemeier testified about his investigation into the check Miller cashed in the amount of $100 at the Warrenton branch of Jonesburg State Bank. Miller cashed that check about thirty minutes before he cashed the check in Jonesburg that is the subject of this case. Both checks were written on Cornerstone Masonry's account and looked substantially similar.

Miller's only objection at trial regarding the Warrenton check was to the surveillance video Officer Plackemeier had obtained during his investigation showing Miller entering the Warrenton

2

branch. Miller has not raised any issue with respect to the admission of the surveillance video on this appeal and Miller did not object to any other part of Officer Plackemeier's testimony.

The trial court denied Miller's motion in limine, which sought to keep out evidence of the Warrenton and Columbia incidents. However, Miller failed to object when Investigator Dean and Officer Plackemeier testified about those matters. And Miller also failed to raise any issue with respect to the admission into evidence of these uncharged crimes in his motion for new trial.

Miller was found guilty by the jury and convicted on both felony counts. He was sentenced to two concurrent terms of seven years in prison. This appeal follows.

## Standard of Review

A timely objection must be made during trial in order to properly preserve an issue for an appeal. *State v. Driskill*, 459 S.W.3d 412, 425 (Mo.banc 2015). Claims not preserved for review at trial may be reviewed for plain error at the discretion of this Court. *State v. Taylor*, 466 S.W.3d 521, 533 (Mo.banc 2015) (citing Missouri Supreme Court Rule 30.20 (2019)). "Plain error is found when the alleged error facially established substantial grounds for believing a manifest injustice or miscarriage of justice occurred." *Id*. Plain errors must be evident, obvious, and clear. *Id*. The defendant has the burden to show that plain error occurred and that the error resulted in manifest injustice or a miscarriage of justice. *State v. Myles*, 479 S.W.3d 649, 656 (Mo.App.E.D. 2015).

## Discussion

I.  *The trial court did not plainly err in admitting Investigator Dean's and Officer Plackemeier's testimony regarding Miller's two other check-cashing incidents that occurred on the same day at the Jonesburg State Bank branches in Warrenton, Missouri and Columbia, Missouri, because those incidents demonstrated Miller's common scheme or plan, which is an exception to the rule that prior misconduct is inadmissible.*

Evidence of the defendant's prior misconduct, including uncharged crimes, is not admissible to show his propensity to commit the offenses at issue, however, it *is* admissible if the evidence is logically relevant, in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial, and if the evidence is legally relevant, in that its probative value outweighs its prejudicial effect. *State v. Key*, 437 S.W.3d 264, 270 (Mo.App.W.D. 2014) (citing *State v. Slagle*, 206 S.W.3d 404, 410 (Mo.App.W.D. 2006)); *see also State v. Reagan*, 563 S.W.3d 182, 190 (Mo.App.E.D. 2018).

Although evidence of uncharged crimes is generally inadmissible, such evidence may be admissible if it tends to establish a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. *State v. Primm*, 347 S.W.3d 66, 70 (Mo.banc 2011); *see also State v. Pennington*, 24 S.W.3d 185, 189 (Mo.App.W.D. 2000) (explaining that evidence of prior uncharged crimes violates a defendant's rights unless the evidence sufficiently relates to the charged offense). Missouri courts have consistently found that admission of evidence showing the accused committed similar forgeries near the time and place is not error because the evidence shows a common scheme or plan to defraud. *State v. Shaw*, 915 S.W.2d 775, 783 (Mo.App.W.D. 1996) (citing *State v. Boley*, 556 S.W.2d 828, 831 (Mo.App. 1978).) *See State v. Laws*, 121 S.W.3d 571, 574 (Mo.App.S.D. 2003); *State v. Mercado*, 787 S.W.2d 848, 850-51 (Mo.App.E.D. 1990); *State v. Burnett*, 429 S.W.2d 239, 244 (Mo. 1968); *State v. McWilliams*, 331 S.W.2d 610, 613 (Mo. 1960); *State v. Hartman*, 273 S.W.2d 198, 204-05 (Mo.banc 1954).

In *Shaw*, a case on all fours with the present appeal, officers found computer-generated checks and stolen checks in the defendant's hotel room and the defendant confessed to passing four or five bad checks at two different locations. 915 S.W.2d at 778-82. The trial court admitted

4

the officer's testimony as to these matters. *Id.* at 782. On appeal, the court found the officer's testimony regarding defendant's possession and passing of the bad checks was admissible because it showed defendant's common plan or scheme to defraud. *Id.* at 783.

In *Laws*, the court explained that evidence of the defendant passing various fraudulent checks is one of the best examples of a common scheme or plan. 121 S.W.3d at 574. *See also Mercado*, 787 S.W.2d at 851 (reasoning that evidence about defendant passing an additional bad check after passing the check for which he was charged was admissible to establish a common scheme or plan).

Here, we find that the trial court did not plainly err in admitting the testimony about Miller passing bad checks at the Warrenton and Columbia banks.[1] This evidence showed Miller's "common scheme or plan" to defraud by passing bad checks at multiple bank locations. Miller visited three different banks, all on the same day, and passed three different checks at each of those banks. The admission of evidence of uncharged crimes that deal with the passing of other bad checks continues to meet the common scheme or plan exception and we see no reason to deviate from the foregoing precedent.

As to Miller's assertion that the admitted evidence's prejudicial value greatly outweighs its purported probative value, the determination whether relevance of the evidence outweighs any prejudice to the defendant lies within the discretion of the trial court. *State v. Bannister*, 680 S.W.2d 141, 147 (Mo.banc 1984). After examining the testimony of Investigator Dean and Officer Plackemeier, we find no plain error in the trial court's determination that the relevance of

---

[1] Even were Miller's claim of error preserved, we would find that he fails to show any error occurred because there was no basis in the evidence to distinguish the charged conduct from the common scheme or plan represented by the other fraudulent check-passing incidents.

establishing Miller's common scheme or plan outweighed any potential prejudicial effect. Miller's point is denied.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

_____
James M. Dowd, Presiding Judge

Gary M. Gaertner, Jr., J., and
Robin Ransom, J., concur.