STATE of Missouri, Respondent,

v.

Marvin T. L. MATTHEWS, Appellant.

No. 42287.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 24, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 15, 1981.

Application to Transfer Denied
July 14, 1981.

Robert C. Babione, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, John C. Reed, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Defendant appeals a conviction by a jury of assault with intent to kill with malice aforethought for which he was sentenced to 55 years imprisonment. We affirm.

On June 30, 1978, defendant entered the victim's home and raped her. He then forced the victim out of her home and into her car. Defendant instructed the victim to drive around the neighborhood and park in a lot behind Northwest High School. The defendant ordered the victim out of the car and forced her to have sexual intercourse again. Immediately thereafter, defendant stated, while holding up a pair of scissors, "you didn't think I was going to let you live." The victim ran but defendant caught her and stabbed her with the scissors about her arms, back, neck and throat. The victim survived and was able to identify defendant as her assailant.

Defendant complains of the use of a letter written by defendant to Marilyn Lane, an administrative assistant in the Victim Assistance Unit of the Circuit Attorney's Office. Several months before the trial, Marilyn Lane began receiving phone calls from a person who told her he was calling about an intimidation case involving a friend. During one of his phone conversations with Miss Lane in late July, the caller identified himself as Marvin Matthews. After she obtained this information, Marilyn Lane ran a computer check on Marvin Matthews and learned that he had been indicted in the case at bar.

Marilyn Lane gave this information to Sergeant Murphy and Michael Tully, investigators for the Circuit Attorney's Office. The investigators suggested that Marilyn Lane write defendant a letter. The purpose of this letter was to get more information about defendant and to get a handwriting sample. She wrote the letter, dated August 14, 1979, with the help of the investigators and mailed it to defendant. A motion to order the defendant to produce handwriting exemplars had been filed on August 9, 1979 and a hearing on the motion had been set for August 15, 1979. The record indicates that Sergeant Murphy was aware that formal exemplars were taken from defendant on August 26, 1979.

Defendant's attorney was never notified that Marilyn Lane's letter was sent to defendant. A return letter was written by defendant to Marilyn Lane. An oral motion to suppress defendant's letter was made before the trial judge. At the hearing on defendant's motion to suppress, the following letter was read into the record by defendant's attorney.

Dear Marvin: You may find this a bit unusual for two reasons. First, I am not accustomed to writing to my men and, secondly, that I have found out who you are and where you're staying. I've been wondering why I have not heard from you but thought that I may have missed you because I have been on vacation. Anyway, with my part-time job here in the Court building I have an opportunity to hear about a lot of cases people are involved in. I had one of the clerks that is a good friend of mine check on you and that is how I found out where you are. I also have learned that you must lead a very exciting life. I suppose that you are every bit the man that you claim to be and must have a wonderful body. It's too bad that you are in trouble with the cops as it does not look as though we will have a chance to sit and have a drink or whatever.

I will be leaving town this evening and will not return until late Friday and I hope to find a letter from you when I return. If it's too difficult to write a note, then try to call me on Monday. Signed, Marilyn. P.S. You can write me at: Miss Marilyn Lane, 1320 Market Street, Room 219, St. Louis, Missouri 63113.

The trial court overruled defendant's motion to suppress his return letter to Marilyn Lane.

■ Defendant contends the admission of his letter into evidence violated his privilege against self-incrimination. He alleges that certain employees of the Circuit Attorney's Office illegally solicited such letter from defendant after he had asserted his right to be silent and his right to counsel pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We disagree. Defendant's letter to Miss Lane was used merely as a writing exemplar. It was

not read to the jury. Accordingly, there was no violation of defendant's Fifth Amendment privilege against self-incrimination. *State v. Boley*, 565 S.W.2d 828, 832 (Mo.App.1978). The handwriting exemplar herein, the content of which is neither testimonial nor communicative, is "an identifying physical characteristic which does not fall within the ambit of constitutional protection." *Id.* No *Miranda* warning was required. The taking of this exemplar was not a "critical stage" of the criminal proceedings sufficient to trigger defendant's right to counsel. *Gilbert v. California*, 388 U.S. 263, 267, 87 S.Ct. 1951, 1953, 18 L.Ed.2d 1178 (1967).

■ Defendant also contends that his letter should have been excluded by reason of violation of Rule 4, DR 7–104(A)(1). This rule provides:

(A) During the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party

. . . .

Communication with a defendant without notice to his counsel is extremely suspect. *State v. Chandler*, 605 S.W.2d 100, 110–114 (Mo.banc 1980). In *State v. White*, 494 S.W.2d 687, 692 (Mo.App.1973), the court stated that there was a responsibility upon the prosecuting attorney not to sanction, or take advantage of statements taken, by local or state police officers, from a person represented by counsel in the absence of his counsel. While there is no evidence that the Circuit Attorney in this case was involved in obtaining the letter written by the defendant, the letter by Miss Lane should not have been written. No incriminating statements, however, were obtained from the defendant, merely a handwriting exemplar. The handwriting identification was not crucial. There was other strong evidence of guilt. The letter was properly disclosed to defendant prior to trial. Accordingly, any error in the admission of defendant's letter was harmless beyond reasonable doubt. See, *State v. Parker*, 458 S.W.2d 241 (Mo.1970).

■ Finally, defendant contends that the trial court erred in admitting into evidence three letters purportedly written by the defendant to the victim.

After the day of the crime, the victim received a telephone call from the defendant in which he said he was sorry for what had happened. She received three letters signed either "Marvin" or "Marvin M." A portion of one of the letters was read to the jury as follows:

I'm saying all this Sandra because I want your forgiveness. I've confessed my sin against you to Jesus and God our Father. God has forgiven me for my sin thru our Lord Jesus and therefore I'm no longer afraid of what's going to happen in the court room (sic). I've asked God to give you an understanding heart, and forgive me, and allow me to start off a new life with Jesus. ·

A handwriting expert compared the writing and the signature contained in those letters with the writing and signature contained in the letter to Marilyn Lane. He also compared the writing in those letters with another handwriting exemplar taken from the defendant. He concluded that the same person wrote the four letters and that the writer of the additional exemplar could have been the writer of the four letters in question. This evidence along with the other evidence of authenticity was sufficient evidence to show the defendant wrote the letters to victim. *State v. Clark*, 592 S.W.2d 709, 717 (Mo.banc 1979). The trial court did not abuse its wide discretion in admitting evidence concerning the comparison of handwriting. *State v. Jacobsen*, 348 Mo. 258, 152 S.W.2d 1061, 1066 (1941). Defendant's letters to victim were sufficiently authenticated and, therefore, properly admitted into evidence.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.