**STATE of Missouri, Respondent,**

v.

**Raymond L. BRIGHTWELL and Chad Parsons, Appellants.**

**Nos. WD 54578, WD 54879 and WD 54580.**

Missouri Court of Appeals,
Western District.

Nov. 3, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 1998.

Application for Transfer Denied
Feb. 23, 1999.

had spent $260 for the bag, and he gave Pittman $40. Pittman returned Foster's money to him.

Two days later, Pittman and Foster returned to Brightwell's house. Pittman hid a recorder on Foster and gave him $1400 after checking Foster's wallet and finding no money in it. Foster went inside Brightwell's house and returned a few minutes later with a bag of approximately one ounce of white, powdery substance. Foster gave the bag to Pittman. He said that the bag had cost $1400.

Pittman and Foster returned to Brightwell's house on April 4, 1996. They saw an unusual number of people go to the house and leave a brief while later. Parsons' car was parked outside the house, and Parsons was inside when Foster entered the house. Brightwell told Foster that he had no cocaine to sell him but that he could send someone south to buy some. Foster agreed to return later for the cocaine.

Foster left, and he and Pittman went to a nearby convenience store to wait for Brightwell to get some cocaine. At the store, they saw Parsons drive his car south on Interstate 29. They returned later to Brightwell's house. Pittman hid a recorder on Foster and gave him $1700 after checking Foster's wallet and finding no money in it. When Foster went into Brightwell's house, Brightwell said that he still had no cocaine but offered to sell marijuana and psilocybin mushrooms to Foster. Foster agreed to buy the marijuana and mushrooms for $520. Parsons was in the house during the purchase. Foster gave a bag containing what appeared to be marijuana and mushrooms and the recorder to Pittman and gave him $1180.

Early on April 5, 1996, sheriff's deputies went to Brightwell's house with a search warrant. During their search of Brightwell's house, they found Parsons hiding in a closet and $1569 in cash, including the $520 Foster had used to buy the marijuana and mushrooms, on Parsons. In the house, officers found a bag of psilocybin mushrooms, LSD, and a bag of marijuana. They also found inside the house an ashtray from Parsons' car with cocaine in it, and they found two electronic scales, cocaine pipes, a marijuana

Lee M. Nation, Kansas City, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

SPINDEN, Presiding Judge.

Raymond L. Brightwell and Chad Parsons appeal the circuit court's judgment convicting them in connection with the sale and possession of controlled substances in Camden Point during 1996. We reverse the judgment.

Platte County sheriff's detectives decided to investigate whether Brightwell was dealing in drugs when an informant, Randy Foster, told them that Brightwell was a drug dealer. On January 23, 1996, at the suggestion of detectives, Foster called Brightwell and arranged to buy cocaine at Brightwell's house in Camden Point.

Detective Randall Pittman hid a recorder on Foster and gave him $300 after checking Foster's wallet and removing Foster's money from it. Foster went into Brightwell's house and returned a few minutes later with a bag of white, powdery substance. Foster gave the bag and recorder to Pittman. He said he

pipe with marijuana residue in it, and butane torches.

Parsons' car was parked near Brightwell's house. In the car, officers found cocaine, a small scale, a copper filter, a "micro" torch, and a pipe.

A grand jury indicted Brightwell with four counts of selling a controlled substance and three counts of possessing a controlled substance with the intent to distribute it or to deliver it. A grand jury indicted Parsons with two counts of selling a controlled substance and three counts of possessing a controlled substance with the intent to distribute it or to deliver it. The circuit court dismissed four counts against Parsons and convicted him of possessing cocaine with the intent to distribute it or to deliver it. The circuit court found Brightwell guilty of four counts of selling a controlled substance and three counts of possessing a controlled substance with the intent to distribute it or to deliver it. Brightwell and Parsons appealed their convictions separately. We consolidated the cases.

Brightwell and Parsons complain that the circuit court erred in overruling their motion for judgment of acquittal. They assert that the state did not prove what the substances were which Brightwell sold to Foster or which the police seized during their search. Specifically, they assert that the state did not prove that the substances which a Highway Patrol laboratory chemist determined to be cocaine, marijuana, psilocyn, and LSD were the same substances which Foster purchased or which the police seized.

The chemist did not testify. The state presented the results of the chemist's tests through written reports prepared by the chemist. Just before resting his case, the prosecuting attorney told the court:

At this time, Your Honor, I would admit into evidence State's Exhibits 60, 61, 62, and 63, the laboratory reports prepared by the Missouri State Highway Patrol. Here you are, Mr. [Lee] Nation[, defense attorney].....

MR. NATION: And, Your Honor, we have previously agreed with the State that these can be introduced in evidence. I presume that the chemist would testify in accordance with this; and, in fact, the chemist was available today and was available to me. So we have no objection to State's Exhibit 60 as pertaining to the tests and his conclusions as to what was in the various exhibits.

[PROSECUTING ATTORNEY]: Your Honor, 60—60, 61, 62, 63.

THE COURT: Do you object to any of the lab reports?

MR. NATION: No, Your Honor.

Nothing in the laboratory reports established that what the chemist tested was what Foster purchased from Brightwell or which the police seized. The reports merely refer to a sealed plastic bag containing "a powder substance" (Exhibit № 60), a sealed plastic bag containing "a powder substance" (Exhibit № 61); a sealed plastic bag containing mushrooms and another sealed plastic bag containing "plant material" (Exhibit № 62); and 16 plastic bags containing "miscellaneous" items, "mushrooms," "plant material," and "a chunky substance" (Exhibit № 63). Exhibits N [os.] 60, 61, and 62 listed Raymond Brightwell as a "[name] and possible association to case." Exhibit № 63 listed Brightwell and Parsons as "[n]ames and possible association to case." Numbers appear on the reports as "agency report number" and "agency related report number," but we find nothing explaining the significance of these numbers or whether they established a relation to the substances purchased by Foster or seized by the police.

We find no evidence establishing that the substances purchased by Foster or seized by the police were controlled substances. Without this evidence, the state's case was missing an essential element, and the state failed to meet its burden of proof. *State v. Strong*, 339 S.W.2d 759, 765 (Mo.1960) ("burden ... always on the State to prove every essential element of the offense").

We, therefore, reverse the circuit court's judgment and order that the defendants be discharged.

ULRICH and EDWIN H. SMITH, JJ., concur.