

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD79095** |
| | ) | |
| **v.** | ) | **OPINION FILED:  October 4, 2016** |
| | ) | |
| **JEFFREY C. McCARTY,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Thomas Sodergren, Judge

Before Division Two:  Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

Jeffrey McCarty ("McCarty") appeals from the trial court's judgment convicting him

of misdemeanor possession of an intoxicating liquor by a minor.  McCarty argues that the

trial court erred in overruling his motion to suppress evidence discovered through a traffic

stop.  McCarty claims that the evidence should have been suppressed because it was

obtained following an investigatory traffic stop that was unsupported by reasonable

suspicion that McCarty was involved in illegal activity.  McCarty also contends that the

State failed to prove an essential element of the charged offense because the evidence offered to prove his age at the time of the offense was inadmissible. We reverse.

**Factual and Procedural Background**

At approximately 4:30 a.m. on April 12, 2014, Corporal Arthur Brown ("Corporal Brown") of the Cole County Sheriff's Department responded to a call from dispatch. Dispatch advised that an anonymous caller had reported that a male and female were having a "loud disturbance" in a parking lot outside an apartment complex located in the 3000 block of Cassidy Road off of Highway 54 in Cole County, Missouri. The anonymous caller described the disturbance as a verbal argument.

Corporal Brown arrived in the area of the reported argument about ten minutes after the call from dispatch. As Corporal Brown was about 100 to 150 feet from the apartment complex, he noticed a vehicle coming towards him on Cassidy Road. As his headlights illuminated the vehicle, Corporal Brown could see a male driver and a female passenger in the vehicle. Corporal Brown testified during a suppression hearing that "initially I didn't think anything of it" when he passed the vehicle on Cassidy Road.

Corporal Brown proceeded to the parking lot of the apartment complex. As he drove through the parking lot, he found no one outside, nor at the specific address where the call came from. Corporal Brown did not stop to knock on any doors, and did not talk to anyone at the scene. Corporal Brown testified during the suppression hearing that he did not observe anything that would confirm two people had actually been arguing outside of the apartment complex. Corporal Brown then testified:

2

When I got to the apartment and noticed there wasn't anything outside, you know--I've been doing this for a while. I'm trained that, you know, sometimes people leave the area--so that was just--it was kind of a hunch that maybe [the people in the vehicle he passed on Cassidy Road] are the people that were in the argument. And I just had to check on it just to make sure.

Corporal Brown thus turned around, left the parking lot, and caught up with the vehicle he had passed on Cassidy Road. Corporal Brown pulled the vehicle over to investigate whether the occupants were involved in the reported argument.

Corporal Brown approached the vehicle and identified McCarty as the driver using McCarty's driver's license. Corporal Brown observed that McCarty was under twenty-one years of age based on the date of birth on the driver's license. While speaking with McCarty, Corporal Brown could smell alcohol. Corporal Brown mentioned that McCarty was underage and McCarty agreed. Corporal Brown administered a preliminary breathalyzer test on McCarty, which tested positive for the presence of alcohol. Corporal Brown arrested McCarty. After arresting McCarty, Corporal Brown secured the vehicle at the scene and saw a case of beer on the backseat floorboard behind the driver's seat.

McCarty was charged with misdemeanor possession of an intoxicating liquor by a minor pursuant to section 311.325.[1] McCarty filed a motion to suppress challenging the lawfulness of Corporal Brown's traffic stop. The trial court overruled McCarty's motion.

At trial, Corporal Brown testified about the events on the night of McCarty's arrest. Evidence seized after the stop of McCarty's vehicle was admitted over McCarty's objection regarding the lawfulness of the stop. Defense counsel also objected when Corporal Brown

---

[1]All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

3

was asked to state the date of birth he saw listed on McCarty's driver's license, claiming the testimony was hearsay and violated the best evidence rule. The trial court took that objection with the case.

At the State's request, and without objection, the trial court took judicial notice of the following cases: 14AC-CR00995-01, 13AC-CR02465, 12AC-CR01619, 120052500, and 091184137. These records indicate McCarty's birth year to be 1994.

The trial court found McCarty guilty of the charged offense. McCarty was ordered to pay a fine and court costs, and to complete an Alcohol and Drug Education Program.

This timely appeal followed.

## Analysis

McCarty raises two points on appeal. His first point argues that the trial court erred in overruling his motion to suppress evidence found following Corporal Brown's traffic stop because the stop was unlawful as it was not supported by reasonable suspicion. McCarty's second point asserts that the trial court erred in refusing to enter a judgment of acquittal because the State failed to prove with competent evidence that McCarty was a minor, an essential element of the charged offense.

## Point One

McCarty claims that all evidence seized as a result of Corporal Brown's initial traffic stop should be suppressed because the stop was not supported by reasonable suspicion that McCarty was involved in illegal activity.[2]

---

[2]McCarty's first point on appeal also asserts that McCarty was stopped without probable cause. The argument portion of McCarty's brief, however, does not expand this claim of error, so it is abandoned on appeal. *See State v. Nunley*, 341 S.W.3d 611, 623 (Mo. banc 2011) ("Arguments raised in the points relied on portion of an

4

At a hearing on a motion to suppress, the State must prove that the motion should be overruled by a preponderance of the evidence. *State v. Grayson*, 336 S.W.3d 138, 142 (Mo. banc 2011). "[T]he State bears both the burden of producing evidence and the risk of nonpersuasion" that, based on the evidence it produces, the motion should be overruled. *Id.* (quoting *State v. Franklin*, 841 S.W.2d 639, 644 (Mo. banc 1992)). "In reviewing a trial court's ruling on a motion to suppress, there must be 'substantial evidence' to support the ruling." *State v. Norfolk*, 366 S.W.3d 528, 531 (Mo. banc 2012). To determine whether substantial evidence exists to support the trial court's ruling, this Court examines evidence presented at the suppression hearing and at trial. *Id.* (quoting *State v. Gaw*, 285 S.W.3d 318, 319-20 (Mo. banc 2009)). The facts, and reasonable inferences drawn therefrom, are viewed in a light most favorable to the trial court's ruling, while any contrary evidence or adverse inferences are disregarded. *State v. Hillman*, 417 S.W.3d 239, 246 (Mo. banc 2013). "Whether conduct violates the Fourth Amendment is a question of law, which is reviewed *de novo*." *Id.*

The Fourth Amendment protects the people "against unreasonable searches and seizures." U.S. CONST. amend. IV. A traffic stop constitutes a seizure within the meaning of the Fourth Amendment. *Brendlin v. California*, 551 U.S. 249, 255 (2007). Generally, seizures are unreasonable, and therefore unconstitutional, when done without a warrant. *Norfolk*, 366 S.W.3d at 533.

---

appellate brief that are not supported in the argument portion of the brief are deemed abandoned and preserve nothing for appellate review."). In any event, this claim of error is immaterial because the investigatory stop at issue is only required to be supported by reasonable suspicion. *See United States v. Sokolow*, 490 U.S. 1, 7 (1989) ("[T]he level of suspicion required for a *Terry* stop is obviously less demanding than that for probable cause.").

However, "the Fourth Amendment allows a brief investigative detention if the officer has a reasonable suspicion, based on specific and articulable facts, that illegal activity has occurred or is occurring." *Id.* (citing *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). Such a detention must be supported by something more than an unparticularized hunch, but requires only "some minimal level of objective justification." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *INS v. Delgado*, 466 U.S. 210, 217 (1984)).

Corporal Brown conceded in his testimony during the suppression hearing that although dispatch had relayed an anonymous tip about an argument, he saw nothing when he arrived at the scene to confirm the report. Despite that fact, Corporal Brown acted on a "hunch," and decided to investigate whether the occupants in the vehicle he passed on Cassidy Road might be the male and female who had reportedly been arguing.

Corporal Brown's "hunch" was not supported by specific and articulable facts. Though the anonymous caller reported that a male and female had been verbally arguing, no other identifying information about the persons involved was provided. There was no report that the two had gotten into a vehicle and were seen leaving the scene. Though Corporal Brown passed a vehicle containing a man and a woman about 100 to 150 yards from the apartment complex, he testified during the suppression hearing that he "didn't see [the male and female] arguing in the car." In fact, when Corporal Brown first passed the vehicle on Cassidy Road, his suspicions were not aroused at all, as "initially [he] didn't think anything of it." Corporal Brown's suspicions about the vehicle were not aroused until he arrived at the apartment complex parking lot and found no one outside. Corporal Brown then decided to follow a "hunch" that the vehicle he had passed might have been leaving

6

the scene. However, Corporal Brown admitted that he did not know whether the vehicle had left the parking lot, and that he "didn't see [the vehicle] pull out of anywhere." The record is silent about the geography of Cassidy Road in relation to the apartment complex, other than Corporal Brown's testimony that the apartment complex is comprised of a row of five four-plexes running approximately the length of one-half of a football field along the "right-hand side" of Cassidy Road. There is nothing in the record, therefore, to permit a reasonable inference that the vehicle Corporal Brown passed on Cassidy Road came from the apartment complex.

Based on Corporal Brown's testimony, the *only* reason McCarty's vehicle was stopped was to investigate whether its male and female occupants had been involved in the reported argument. And the only basis for Corporal Brown's suspicion that the occupants of the vehicle might have been involved in the reported argument was his training that "sometimes the people leave the area." Corporal Brown's self-described hunch was not supported by "a particularized and objective basis for suspecting [McCarty] of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-18 (1981); *see also Terry*, 392 U.S. at 27 (holding that a mere 'hunch' does not create reasonable suspicion).

The State did not sustain its burden to establish that Corporal Brown's stop of McCarty's vehicle was supported by reasonable suspicion. Corporal Brown's *Terry* stop of McCarty's vehicle was thus unlawful. All evidence thereafter seized should have been suppressed, and excluded from evidence at trial, as the fruit of a Fourth Amendment violation. *See State v. Miller*, 894 S.W.2d 649, 653 n.4 (Mo. banc 1995) ("[A] search is not to be made legal by what it turns up. In law it is good or bad when it starts and does

7

not change character from its success.") (quoting *United States v. Di Re*, 332 U.S. 581, 595 (1948)).

Point One on appeal is granted. McCarty's conviction and sentence are reversed.

## Point Two

Because McCarty's conviction and sentence are reversed in connection with Point One on appeal, McCarty's second point on appeal, addressing the erroneous admission of evidence at trial regarding his age, is rendered moot and need not be addressed.

## Conclusion

McCarty's conviction and sentence for misdemeanor possession of an intoxicating liquor by a minor pursuant to section 311.325 are reversed.[3]

_____
Cynthia L. Martin, Judge


All concur

_____

[3]The only evidence supporting McCarty's conviction was unlawfully seized. As a result, the State cannot prove the charged crime, warranting reversal without remand. *See State v. King*, 157 S.W.3d 656, 664-65 (Mo. App. W.D. 2004); *State v. Brightwell*, 984 S.W.2d 124, 126 (Mo. App. W.D. 1998).