Gary D. Witt, Judge
The State of Missouri ("State") appeals from an order from the Circuit Court of Jackson County granting a motion to suppress Dominique Marchbanks's ("Marchbanks") statements made during a police interview regarding the murder of Amorian Hale ("Hale"). The State argues that Marchbanks did not effectively invoke his Miranda[1] rights because he was not under custodial interrogation at the time he filed his assertion of rights and sufficient time had passed to constitute a break in custody. We reverse and remand.
Statement of Facts[2]
In March of 2011, Marchbanks committed the offense of possession of a controlled substance. While being questioned regarding the possession offense, Marchbanks signed a Miranda waiver and was interviewed by the police. Marchbanks was later released on bond for that offense. In May 2015, Hale was shot and killed. On July 27, 2015, Marchbanks entered a guilty plea in the possession case and sentencing on that charge occurred on October 9, 2015. In the meantime, in August of 2015, Marchbanks allegedly committed multiple additional offenses, including tampering with a motor vehicle.[3] Marchbanks was questioned regarding the tampering case and again signed a Miranda waiver. On August 12, 2015, the State filed charges in the tampering case and a motion to revoke bond in the possession case and Marchbanks was taken into custody. On August 24, 2015, Marchbanks filed a signed document entitled "Assertion of Rights," which stated that he was represented by counsel and did not want to be interviewed further or discuss potentially waiving his rights unless he had consulted with counsel. The Assertion of Rights referenced Marchbanks's rights under the Fifth Amendment, Sixth Amendment, and Fourteenth Amendment. The Assertion for Rights was filed with the court in the tampering case as well as with the jail where Marchbanks was located. Marchbanks was represented by the same counsel in both the possession case and tampering case.
On September 1, 2015, the judge granted a recognizance bond in the tampering *590 case but a different judge denied a bond reduction in the possession case, so Marchbanks remained in custody. On October 9, 2015, Marchbanks was sentenced in the possession case to three years in the Department of Corrections, subject to a 120-day treatment program. On October 12, 2015, while Marchbanks was still being held at the Jackson County Detention Center awaiting transport to the Department of Corrections and while the tampering charges were still pending, detectives with the Kansas City Police Department initiated an interview with him regarding the murder of Hale without notifying his counsel. During that interview, Marchbanks signed a written waiver of his Miranda rights. The statements made by Marchbanks during that interview are the subject of the suppression motion, the granting of which is at issue in this case. Marchbanks was delivered to the Department of Corrections to serve his sentence in the possession case on November, 12, 2015.
On February 23, 2016, the State filed homicide charges against Marchbanks for the death of Hale. On March 10, 2016, Marchbanks, through his same counsel filed another written Assertion of Rights. On April 1, 2017, Marchbanks filed a motion to suppress his October 2015 statements to law enforcement. The trial court held a hearing on the motion to suppress, during which the State chose to submit its case on exhibits and called no live witnesses.
On April 7, 2017, the trial court granted the motion to suppress and found that the interrogation in October 2015 violated Marchbanks's "right to counsel and to remain silent under the Fifth Amendment to the U.S. Constitution and Article I, Section 19 of the Missouri Constitution as those provision have been applied by the higher courts in Edwards v. Arizona , 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and State v. Farris , 125 S.W.3d 365 (Mo. App. W.D. 2004)." This appeal followed.
Standard of Review
We will reverse the trial court's ruling on the motion to suppress only if we find that it is clearly erroneous. State v. McNeely , 358 S.W.3d 65, 68 (Mo. banc 2012), aff'd , 569 U.S. 141, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013). To find that the trial court's ruling is clearly erroneous, we must be "left with the definite and firm conviction that a mistake has been made." State v. Robinson , 454 S.W.3d 428, 436 (Mo. App. W.D. 2015). The trial court is free to disbelieve any evidence favorable to the State, even if uncontradicted. State v. Stoebe , 406 S.W.3d 509, 515 (Mo. App. W.D. 2013). "When, however, the issue to be decided involves the constitutional protection against forced self-incrimination, our review of the trial court's ruling is a two-part inquiry: we defer to the trial court's determinations of witness credibility and findings of facts, but we consider the court's conclusions of law de novo." State v. O'Neal , 392 S.W.3d 556, 565 (Mo. App. W.D. 2013).
Analysis
The State raises three points on appeal. In Point One, the State argues that the trial court clearly erred in suppressing Marchbanks's statements because his written Assertion of Rights was ineffective as he was not under custodial interrogation when it was filed. In Point Two, the State argues that the trial court clearly erred in suppressing Marchbanks's statements because there was a break in custody, sufficient time passed after the break in custody, and Miranda as applied to the Sixth Amendment right to counsel is offense specific. The State argues in Point Three that the trial court clearly erred in suppressing Marchbanks's statements because he knowingly and voluntarily waived his Miranda rights during the interrogation.
*591 Point One
The State argues in Point One that the trial court clearly erred in suppressing Marchbanks's statements because he was not under custodial interrogation when he filed his Assertion of Rights and Miranda rights cannot be invoked in anticipation of a future custodial interrogation.
Under present case law Marchbanks did not affectively assert his Miranda rights by the filing of the Assertion of Rights, and therefore his Fifth and Sixth Amendment rights were not violated. " Miranda rights cannot be anticipatorily invoked outside the context of a custodial interrogation." State v. Case , 140 S.W.3d 80, 89 (Mo. App. W.D. 2004) (citing McNeil v. Wisconsin , 501 U.S. 171, 182 n.2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) ). "[T]he person must invoke his right to counsel in the context of a 'custodial interrogation,' either ongoing or impending." State v. Umphfrey , 242 S.W.3d 437, 443 (Mo. App. E.D. 2007).
When Marchbanks's counsel filed the written Assertion of Rights, Marchbanks was no longer under custodial interrogation under Miranda . Interrogation had ceased days prior to the filing of the Assertion of Rights. At the time Marchbanks's Assertion of Rights was filed, there was no indication that further custodial interrogation was imminent.[4] Since there was no impending interrogation, it is immaterial under current Miranda analysis that Marchbanks remained in custody on unrelated charges. Marchbanks's Assertion of Rights was filed in anticipation of potential future questioning. " Miranda rights cannot be anticipatorily invoked outside the context of a custodial interrogation." Case , 140 S.W.3d at 89.
Further, Marchbanks argues that his Assertion of Rights was a rescission of his previous waiver of his Miranda rights which was made during the interrogation regarding the tampering case thereby reasserting his rights under Miranda . We find this argument to be without merit. Under Edwards v. Arizona , 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), once an accused has invoked their rights under Miranda , an accused may not be further interrogated until counsel has been made available. Id. at 484, 101 S.Ct. 1880. "The only logical endpoint of Edwards disability is termination of Miranda custody and any of its lingering effects." Maryland v. Shatzer , 559 U.S. 98, 109, 130 S.Ct. 1213, 175 L.Ed.2d 1045 (2010). However, Edwards is only applicable after an effective invocation of Miranda rights. There is no such parallel rule regarding a voluntary waiver of Miranda rights in an interrogation regarding one offence which would somehow extend one's Miranda rights beyond the bounds of the current custodial interrogation into a new interrogation for a different offense arising from different conduct. Without clear direction from the Supreme Court, we decline to extend a Miranda rights violation to our current factual scenario.[5]
*592 This Court is nonetheless sympathetic to Marchbanks's situation. There should have been no confusion by law enforcement that Marchbanks was represented by counsel and he intended to prevent any interrogation unless counsel was present. Marchbanks was represented by the same counsel for both the possession and tampering charges, and that same counsel filed the written Assertion of Rights on his behalf. Marchbanks remained in the State's custody in the Jackson County jail after filing his Assertion of Rights. The law enforcement agency that interrogated Marchbanks regarding the murder and the Prosecutor's Office were notified of his Assertion of Rights. The Assertion of Rights was filed with the Jackson County jail and a quick search of CaseNet for Marchbanks's name in pending criminal cases would have disclosed that Marchbanks was currently represented by counsel. Even if the specific law enforcement officers who performed the interrogation were not aware of the Assertion of Rights, they could easily have discovered this fact and contacted Marchbanks's counsel prior to the interrogation.
When a party is known to be represented by counsel, that party should only be contacted through their counsel.[6] However, these protections are based in Supreme Court Rules and not Constitutional principles. We note that there is no indication anywhere in this record that the Prosecuting Attorney's office requested that the law enforcement officers initiate the interrogation of Marchbanks knowing he was represented by counsel or even that the Prosecuting Attorney's office was aware that the interrogation of Marchbanks was going to occur. However, the prosecutor's office is responsible for the actions of its subordinates. State v. Bebee, 577 S.W.2d 658, 661 (Mo. App. S.D. 1979). "The prosecutor, and the entire law enforcement community, represent the state." State v. Robinson, 835 S.W.2d 303, 306 (Mo. banc 1992). "In State v. White , 494 S.W.2d 687, 692 (Mo. App. 1973), the court stated that there was a responsibility upon the prosecuting attorney not to sanction, or take advantage of statements taken, by local or state police officers, from a person represented by counsel in the absence of his counsel." State v. Matthews, 617 S.W.2d 411, 413 (Mo. App. E.D. 1981)
*593 . "Communication with a defendant without notice to his counsel is extremely suspect." State v. Matthews, 617 S.W.2d 411, 413 (Mo. App. E.D. 1981). However, these decisions are not based on the constitutional protections of Miranda and Marchbanks makes no argument herein that Rule 4-4.2 may provide a basis to exclude the evidence independent of the Miranda analysis, so we do not reach this issue. See State v. Chandler, 605 S.W.2d 100, 111 (Mo. banc 1980).
However, since Marchbanks's Assertion of Rights was filed anticipatorily and therefore ineffective under Miranda and it progeny, Point One is granted. Since Marchbanks never effectively asserted his Miranda rights and signed a waiver of rights during the interrogation, we need not address Points Two and Three.
Conclusion
The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.
All concur

Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In reviewing a trial court's grant of a motion to suppress, "[t]he facts and reasonable inferences from such facts are considered favorably to the trial court's ruling and contrary evidence and inferences are disregarded." State v. McClendon , 477 S.W.3d 206, 212 (Mo. App. W.D. 2015).

For ease of reference we refer to this as the "tampering case" and the prior offense as the "possession case."

Marchbanks argues that it was the State's burden to show that there was no impending interrogation. "[T]he State bears both the burden of producing evidence and the risk of nonpersuasion that, based on the evidence it produces, the motion should be overruled." State v. McCarty , 500 S.W.3d 876, 879 (Mo. App. W.D. 2016) (internal quotation mark omitted). Evidence that Marchbanks was not interrogated in regard to the homicide for months after his questioning regarding the tampering case had ceased and months following his filing of his Assertion of Rights was sufficient to meet the State's burden that there was no impending interrogation at the time the Assertion of Rights was filed.

We note that the Supreme Court expressed concern that if it were to recognize an anticipatory invocation of Miranda rights it would be difficult for law enforcement to know prior to an interrogation if the person had, at some unknown time in the past, invoked his or her rights and that the prior invocation may have been with a different law enforcement agency, see McNeil , 501 U.S. at 180-81 n.3, 111 S.Ct. 2204, thereby resulting in the suppression of evidence in cases where the officers were unaware of the prior invocation of rights and had no effective way to determine if the person was in fact currently represented by counsel. As noted above, these concerns are not present under the current facts. Marchbanks was in custody on a pending charge arising in the same jurisdiction. The jail staff where Marchbanks was held was made aware of the Assertion of Rights. The law enforcement agency that performed the interrogation was made aware of the Assertion of Rights. The prosecutor's office in that jurisdiction was aware of the Assertion of Rights. The CaseNet system in Missouri makes it very easy to determine if a particular individual is currently represented by an attorney in a currently pending criminal case.

Rule 4-4.2 states: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." Rule 4-4.2, Comment One states that "Rule 4-4.2 contributes to the proper functioning of the legal system by protecting a person who has chosen to be presented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-lawyer relationship, and the uncounseled disclosure of information relating to the representation." This Rule is made applicable to law enforcement officers or investigators acting on behalf of the State in a criminal action by Comment Five to Rule 4-4.2.